FILED IN CHAMBERS
U.S.D.C. Rome

JAN 07 2008

JAMES N. HATTEN, Clerk
By: [signature]
       Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAURA BUTTS,

      Plaintiff,

v.

TYCO HEALTHCARE GROUP LP;
UNITED STATES SURGICAL, A
DIVISION OF TYCO HEALTHCARE
GROUP LP,

      Defendants.

CIVIL ACTION

NO. 1:06-CV-1377-RLV

## O R D E R

Pending before the court are the plaintiff's Motion to Compel Responses to Discovery [Doc. No. 116] and the defendants' Motion for Protective Order [Doc. No. 118] and Motion for Oral Argument [Doc. No. 121]. At the heart of the pending motions is a dispute that previously has been addressed by this court and concerns the discoverability of certain information relating to the stapler that malfunctioned during the plaintiff's surgery.

The plaintiff seeks to compel responses to her discovery requests and interrogatories on the 25mm stapler identified by Dr. Smith in his post-operative report. The defendants continue to object on the basis that the plaintiff's requests do not identify any specific stapler manufactured by the defendants. This dispute was fully addressed in this court's May 24, 2007, order in which the plaintiff's motions to compel were denied. In that order, this

court noted that the plaintiff's discovery requests for information relating to the "#25 EEA stapler" referenced in the post-operative report was an insufficient starting point for discovery into any particular stapler manufactured by the defendants because it did not establish the specific model of EEA stapler used or its manufacturer.   [Doc. No. 70, 5.]

In her current motion to compel, the plaintiff contends that she has complied with the May 24 order and is therefore entitled to the defendants' responses because she has limited the scope of her request to the 25mm stapler identified in the post-operative report (rather than her earlier request for information on any stapler manufactured by the defendants with similar characteristics as the "#25 EEA stapler" referenced in the report).   However, that limitation still fails to establish the necessary starting point for discovery.

The plaintiff does not dispute the defendants' assertion that they do not manufacture any product identified as a "#25 EEA stapler."   Thus, while the post-operative report's reference is apparently general in nature, the plaintiff's discovery request nevertheless seeks to have the defendants specifically identify which of its products is the one to which that general reference applies.

However, such discovery is impermissibly overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it fails to identify the particular stapler used in the plaintiff's surgery. Just as this court concluded in the May 24 order that "the plaintiff has not sufficiently identified the particular product in such a manner that does not place an undue burden on the defendants," [Order, May 24, 2007, Doc. No. 70, 5.], the plaintiff has again failed to establish a suitable starting point for discovery because she insists on propounding discovery on a "25mm stapler" without specifically identifying a product that is manufactured by the defendants.

The only logical starting point for discovery in a product liability case based on the malfunction of a particular stapler is to identify a particular type of stapler manufactured by the defendants. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 n.37 (11th Cir. 1997). Even if the court assumes that the defendants manufactured the stapler used in the plaintiff's surgery, the broad parameters of Rule 26 nevertheless require the plaintiff to establish which of the defendants' products is the 25mm stapler referred to in the post-operative report. Because she has not done so, the defendants are not obligated to respond to her discovery requests.

The plaintiff's attempt to limit her discovery to "the 25mm stapler identified by Dr. Daniel Smith, the surgeon at issue," seeks to require the defendants, one of many possible product manufacturers, to determine which of their products, if any, the plaintiff's surgeon used. However, such a limitation still fails to meet the plaintiff's burden in this regard because, as this court concluded in the May 24 order, "[t]he manufacturer of a product cannot be held solely responsible for ascertaining whether a third party used its product in a suit against it. Consequently, . . . it is outside the scope of discovery to require production of information and documents that the defendants cannot be expected to have." [Order, May 24, 2007, Doc. No. 70, 8.] In order to trigger the defendants' duty to respond to discovery requests in this action, the plaintiff must first identify which of their products is the one referenced by Dr. Smith in his post-operative report.

With respect to the defendants' motion for protective order, that motion is due to be granted based on the same reasoning. Accordingly, the plaintiff is precluded from conducting depositions as contemplated by her notices until such time as she sufficiently identifies which, if any, of the defendants' staplers was utilized during her surgery.[1]

---

[1]To the extent that the defendants request protection from the plaintiff's deposition notices because they allegedly seek

4

**CONCLUSION**

For the foregoing reasons, the plaintiff's Motion to Compel Responses to Discovery [Doc. No. 116] is DENIED; the defendants' Motion for Protective Order [Doc. No. 118] is GRANTED; and the defendants' Motion for Oral Argument [Doc. No. 121] is DISMISSED as MOOT.

SO ORDERED, this 7th day of January, 2008.

ROBERT L. VINING, JR.
Senior United States District Judge

---

information protected by the attorney-client privilege, this court makes no determination as to that issue at this time.